UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

RYAN JOHNSON                                                              PLAINTIFF
A/K/A RENNIE JOHNSON

v.                                                CIVIL ACTION NO. 5:24-CV-P155-JHM

LAURA PLAPPERT *et al.*                                                DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  This matter is before the

Court for screening pursuant to 28 U.S.C. § 1915A.  For the reasons set forth below, the Court will

dismiss some claims and allow other claims to proceed.

**I.**

Plaintiff Ryan Johnson, also known as Rennie Johnson, is incarcerated as a convicted

prisoner at Kentucky State Penitentiary (KSP).  Plaintiff indicates that she is a transgender female.[1]

She sues Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews, KSP

Warden Laura Plappert, and three KSP Unit Administrators – Lauren Massey, Emma Lewis, and

Amy Fisher.  Plaintiff sues these Defendants in their official and individual capacities.  Plaintiff

makes several allegations regarding her conditions of confinement at KSP.  As relief, she seeks

damages and injunctive relief.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer,

or employee, the trial court must review the complaint and dismiss the complaint, or any portion

---

[1] Because Plaintiff identifies as a female, the Court will refer to her using female pronouns throughout this Memorandum Opinion and Order.  *See Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 U.S. App. LEXIS 1716 at *1 n.1 (6th Cir. Jan. 28, 1997) (adopting a biologically male plaintiff's usage of "the feminine pronoun to refer to herself"); *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 528 (N.D. Ohio 2020) (same).

of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A.  Americans with Disabilities Act (ADA)

Plaintiff first alleges that she lost her hearing aid and that she asked Defendants Massey and Fisher to file a theft report so that she can get her hearing aid replaced but that they have failed to do so.  Plaintiff states that this is a violation of her rights under the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason

of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA is applicable to state and local government entities, including state prisons and county jail facilities. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 210 (1998). The proper defendant to a suit under the ADA is the public entity or an official acting in his or her official capacity. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009). Thus, the Court construes Plaintiff's ADA claim as brought against Defendants Massey and Fisher in their official capacities only.

The Sixth Circuit has explained the standard for claims under Title II of the ADA as follows:

> "[T]he phrase 'services, programs, or activities' encompasses virtually everything a public entity does." *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008). "We analyze claims of intentional discrimination brought pursuant to the ADA . . . under the familiar burden-shifting analysis established by [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [] (1973)]." *Turner v. City of Englewood*, 195 F. App'x 346, 353 (6th Cir. 2006). "Under *McDonnell Douglas*, [a] [p]laintiff must first establish a prima facie case of discrimination." *Id.*
>
> To establish a prima facie case of intentional discrimination under Title II of the ADA, a plaintiff must show that: (1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability. *Tucker*, 539 F.3d at 532 . . . .

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015).

Here, Plaintiff's ADA claim fails because even if the Court assumes that the first two prongs of the *Tucker* test are satisfied, Plaintiff does not allege that that she was excluded from participation in prisoner programs due to her disability. *See Rittner v. Williams*, No. 19-3402, 2020 U.S. App. LEXIS 3523, at *5-6 (6th Cir. Feb. 5, 2020) (affirming dismissal of ADA claim because the plaintiff did not allege that the lack of a second hearing aid prevented him from

participating in any prison programs). Thus, the Court will dismiss Plaintiff's ADA claims against Defendants Massey and Fisher for failure to state a claim upon which relief may be granted.

### B. Section 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1. Official-Capacity Claims

Plaintiff sues all five Defendants, who are state officials, in their official capacities. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Thus, the Court will dismiss Plaintiff's official-capacity claims for damages for failure to state a claim upon which relief may be granted.

Plaintiff, however, also seeks injunctive relief. Although claims for damages against state officials in their official capacities are barred by the Eleventh Amendment, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985), the Eleventh Amendment does not bar injunctive relief against state officials in their official capacities. *See Ex Parte Young*, 209 U.S. 123, 159-160 (1908).

Here, Plaintiff first seeks injunctive relief in the form of only being strip-searched or patted down by female officers. The federal courts have not yet concluded whether the right to bodily

privacy encompasses a prisoner's asserted interest in being strip-searched by a member of the sex with which the prisoner identifies.  *See Nation v. White*, No. 5:20-cv-P104-BJB, 2021 U.S. Dist. LEXIS 36388, at *10 (W.D. Ky. Feb. 26, 2021) (collecting cases and allowing such a claim to proceed on initial review).  Thus, <u>the Court will allow this claim for injunctive relief to proceed on initial review against Defendant Warden Plappert under the Fourth and Fourteenth Amendments</u>.

Plaintiff also seeks injunctive relief in the form of the issuance of female undergarments. Upon consideration, <u>the Court will allow this claim for injunctive relief to proceed on initial review against Defendant Warden Plappert under the Equal Protection Clause of the Fourteenth Amendment</u>.

### 2.  Individual-Capacity Claims

#### a.  Protective Custody Hearing

Plaintiff alleges that she is transgender and a sex offender and that she does not feel safe "living on the KSP Yard."  She states that she requested a protective custody hearing but that Defendants Massey and Lewis have continued to ignore this request.  Based on these allegations, <u>the Court will allow an Eighth Amendment claim for deliberate indifference to Plaintiff's safety to proceed against Defendants Massey and Lewis at this time</u>.

#### b.  Denial of Access to Religious Materials

Plaintiff next alleges that Defendant Plappert is denying her access to her "religious books."  She states that she is Jewish and that books are the only way she can "study" her religion while she is in segregation.  The Court construes these statements as asserting claims under the First Amendment Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  Upon consideration, <u>the Court will allow these claims to proceed</u>.  <u>The RLUIPA</u>

claim is proceeding against Defendant Plappert in her official-capacity only for injunctive relief only. *See Haight v. Thompson*, 763 F.3d 554, 570 (6th Cir. 2014) (holding that awarding "individual-capacity, money-damages . . . [under] RLUIPA [is] inappropriate"); *Cardinal v. Metrish*, 564 F.3d 794, 801 (6th Cir. 2009) (holding that the Eleventh Amendment bars RLUIPA claims for money damages against states and state employees in their official capacities).

### c. Lack of Sprinklers in Cell

Plaintiff next alleges that she suffered a leg burn during a fire in her segregation cell because the cell did not have sprinklers. The Eighth Amendment protects prisoners against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish a claim for failure to protect, the prisoner must show that prison officials acted with deliberate indifference to a substantial risk of serious harm. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). A claim of deliberate indifference has an objective component and a subjective component. *Id.* The objective component requires a prisoner to "show that he is incarcerated under conditions posing a substantial risk of serious harm," while the subjective component requires a prisoner to show that prison officials knew that the prisoner faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 834, 847. Deliberate indifference entails more than negligence, but less than knowing or purposeful action to cause harm. *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over

a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

A district court in the Eighth Circuit recently considered whether the lack of sprinklers in a cell could constitute an Eighth Amendment claim. It held that without additional information regarding the prison officials' knowledge about the conditions impacting the risk of injury from a fire, the plaintiff could not show deliberate indifference based upon this allegation alone. *Emmert v. Aroostook Cnty Jail*, No. 1:24-cv-00159-NT, 2024 U.S. Dist. LEXIS 163193, at *8 (D. Maine Sept. 11, 2024). In reaching this conclusion, the court relied upon the analysis in *Cable v. Wall*, No. CIV. A. 09-439 ML, 2010 U.S. Dist. LEXIS 37176 (D.R.I. Mar. 18, 2010). In that case, the court held that an allegation that an individual cell lacks a sprinkler or detector "does not address numerous factors affecting fire safety at the prison" which would be necessary to state a deliberate indifference claim:

> [Plaintiff] fails to state that the prison lacks a comprehensive fire safety plan or address other factors such as fire extinguishers; smoke detectors in the cell corridors, stairwells and elevator landings; the fire alarm system, evacuation plans, and fire drills; locking devices on cell doors; the prison's combustible load; fire walls; or smoke containment capabilities in the ventilation systems. *See, e.g.*, *Hadix v. Johnson*, 367 F.3d 513, 528-29 (6th Cir. 2004) (reviewing cases dealing with prison fire safety); *Sowell v. Fair*, 915 F.2d 1557, *5 (1st Cir. 1990) (prisoner's claim regarding inoperative smoke detectors failed to state an Eighth Amendment claim). Plaintiff also does not suggest that the prison is in violation of the . . . fire safety code, and, although fire safety codes do not set the constitutional minima, they do provide an indication of society's standard of decency. *See Masonoff v. DuBois*, 899 F. Supp. 782, 799 (D. Mass. 1995).

*Cable v. Wall*, 2010 U.S. Dist. *13-14. Numerous district courts in Sixth Circuit, including this one, have likewise found that an allegation that a cell lacks sprinklers fails to state an Eighth Amendment claim. *See, e.g.*, *Jenkins v. Dillion*, No. 4:24-CV-P69-JHM, 2024 U.S. Dist. LEXIS 183758, at *8 (W.D. Ky. Oct. 8, 2024); *Deas v. Ingham Cnty. Jail*, No. 1:18-cv-838, 2018 U.S. Dist. LEXIS 136744, at *9 (W.D. Mich. Aug. 14, 2018) (dismissing claim alleging lack of sprinklers on initial review finding "[t]he presence of sprinklers in the cells and common areas

might enhance safety in the jail; however, the absence of sprinklers does not make the jail inherently dangerous"); *Lyle v. Montgomery Cnty. Jail & Jail Maint.*, No. 3:15-CV-0480, 2015 U.S. Dist. LEXIS 56018, 2015 WL 1954350, at *6-7 (M.D. Tenn. Apr. 28, 2015) (dismissing claim alleging lack of sprinklers and finding "their absence *per se* does not rise to the level of a constitutional violation").

Thus, the Court finds that this claim must be dismissed for failure to state a claim upon which relief may be granted.

### d.  Lost Hearing Aid

The Court broadly construes Plaintiff's allegation that she asked Defendants Massey and Fisher to file a theft report so that she could get her lost hearing aid replaced and that they failed to do so as Eighth Amendment claims for deliberate indifference to his serious medical need.  Upon consideration, the Court will allow these claims to proceed.

### e. Refund for MP-3 Player and Purchased Songs

Plaintiff next alleges that KSP is "doing refunds on MP3 players but if you no longer have them you don't get the refund even though tho you are only getting refunded for the songs that was [purchased] and you don't get to keep the MP3 player."  Plaintiff states that she wants to be refunded for "MP3 player and songs."

The Court construes this allegation as asserting a claim for deprivation of Plaintiff's property in violation of the Due Process Clause of the Fourteenth Amendment.  The Supreme Court has held that where adequate remedies are provided by state law, the negligent or intentional loss of personal property does not state a claim cognizable under the Due Process Clause. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  To state a claim for deprivation of property

without due process pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. at 543-44. The law of this circuit is in accord. The Sixth Circuit held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### f. Defendant Crews

Finally, the Court addresses Plaintiff's only allegation against Defendant KDOC Commissioner Crews which is that Plaintiff sent her several letters telling her about the issues raised in the complaint but she did not write back. There is no constitutional requirement that a prison official engage in correspondence with a prisoner. Moreover, the "'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Indeed, "persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior," *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012), and *respondeat superior* cannot provide the basis for liability in § 1983 actions. *Monell*, 436 U.S. at 691.

Thus, because Plaintiff does not allege that Defendant Crews was personally involved in any of the unconstitutional conduct alleged in the complaint, only that she did not respond to his

letters concerning that conduct, the Court will dismiss Plaintiff's individual-capacity claim against her for failure to state a claim upon which relief may be granted.

**IV.**

In summary, the Court will allow the following claims to proceed:

- an official-capacity claim against Defendant Warden Plappert for injunctive relief under the Fourth and Fourteenth Amendments based upon Plaintiff's request to only be patted down or strip-searched by female officers;

- an official-capacity claim against Defendant Warden Plappert for injunctive relief under the Equal Protection Clause of the Fourteenth Amendment based upon Plaintiff's request for female undergarments;

- an individual-capacity claim against Defendant Plappert under the First Amendment Free Exercise Clause and an official-capacity claim against her under RLUIPA;

- individual-capacity claims against Defendants Massey and Lewis for Eighth Amendment deliberate indifference to Plaintiff's safety based upon his request to be placed in protective custody; and

- individual-capacity claims against Defendants Massey and Fisher for Eighth Amendment deliberate indifference to a serious medical need based upon their failure to have Plaintiff's lost hearing aid replaced.

In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

**IT IS ORDERED that Plaintiff's official-capacity claims against Defendants Crews, Lewis, Massey, and Fisher; individual-capacity claims against Defendants Crews; ADA**

**claims; and claims based upon the lack of sprinklers in Plaintiff's cell and a refund for an**

**MP-3 player and purchased songs are DISMISSED pursuant to § 1915A(b)(1) for failure to**

**state a claim upon which relief may be granted**.

Because no claims remain against her, the **Clerk of Court** is **DIRECTED** to **terminate**

**Defendants Crews as a party to this action**.

The Court will enter a separate Service and Scheduling Order to govern the development

of this action.

Date: January 22, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants Plappert, Lewis, Massey, and Fisher
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011